**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JEAN MARIE BARTON; BYRON LEE
BARTON, individually and on behalf of all
others similarly situated,

          Plaintiffs-Appellants,

  v.

QUALITY LOAN SERVICE CORP OF
WASHINGTON; TRIANGLE PROPERTY
OF WASHINGTON,

          Defendants-Appellees.

No.   18-35798

D.C. No. 2:17-cv-01100-RAJ

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted September 8, 2020[**]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

    Jean Marie Barton and Byron Lee Barton appeal pro se from the district

court's judgment dismissing their action alleging federal and state law claims

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arising out of foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal based on claim preclusion); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (sua sponte dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed the Bartons' action on the basis of res judicata because the Bartons' claims were raised or could have been raised in previous actions between the parties that resulted in final adjudications on the merits. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (federal court must follow state's preclusion rules to determine effect of a state court judgment); *Ofuasia v. Smurr*, 392 P.3d 1148, 1154 (2017) (elements of res judicata under Washington law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**